UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: __8/22/2014__

------------------------------------------------------------x

BRETT BOSTON,

                Plaintiff,

    - against -

TACONIC MANAGEMENT and DOUGLAS
ELLMAN,

                Defendants.

**OPINION AND ORDER**

12-cv-4077 (ER)

------------------------------------------------------------x

Ramos, D.J.:

      Plaintiff Brett Boston ("Plaintiff") filed a *pro se* Complaint in this action on May 22,

2012. Doc. 2. That Complaint alleged employment discrimination on the basis of race and color

in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in

Employment Act of 1967 (the "ADEA"), the New York State Human Rights Law (the

"NYSHRL") and the New York City Human Rights Law (the "NYCHRL"). *Id.* Plaintiff

subsequently retained counsel, who entered notices of appearance in September 2013. By letter

dated December 27, 2013, Plaintiff's counsel requested a pre-motion conference in anticipation

of filing the instant motion to amend the Complaint pursuant to Federal Rules of Civil Procedure

15 and 21. *See* Doc. 26. That application was granted, and a conference was held on January 17,

2014. *See id.* Plaintiff filed his motion to amend the Complaint on February 21, 2014. Doc. 30.

For the reasons discussed below, that motion is GRANTED.

## I.    Background

      The Complaint named two defendants: "Taconic Management" and "Douglas Ellman."

Doc. 2. The Proposed First Amended Complaint instead names Taconic Eastchester

Management LLC ("Taconic") and Savath Pauv ("Pauv"). Decl. of Edward L. Sample, II Ex. A

(the "Amended Complaint").[1]  The amendment of Taconic's entity name was made on consent,

so the case caption will be updated accordingly.[2]  *See* Def.'s Mem. of Law in Opp'n at 1 n.1.

The instant motion is geared primarily toward adding Pauv as an individual defendant, though

Taconic also opposes the proposed addition of new factual allegations to support the existing

causes of action.  *See id.* at 1.  The proposed claim against Pauv is an aider and abettor claim

under section 296(6) of the NYSHRL.[3]  Am. Compl. ¶¶ 62-67.

## II.    Legal Standard

Parties are entitled to amend their pleadings once, as a matter of course, within 21 days

after serving the pleading or, if a responsive pleading is required, within 21 days after service of

a responsive pleading or a Rule 12 motion.  Fed. R. Civ. P. 15(a)(1).  A party may not otherwise

amend its pleading without either the written consent of the opposing party or leave of the court.

Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  The

Supreme Court has held that it would be an abuse of discretion, "inconsistent with the spirit of

the Federal Rules," for a district court to deny leave without some justification, "such as undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of

---

[1] According to the Amended Complaint, Plaintiff began working for Taconic in 1988.  Am. Compl. ¶ 12.  In 1996, he was transferred to the maintenance department and promoted to the position of maintenance superintendent.  *Id.* ¶¶ 13-14.  The events giving rise to this lawsuit purportedly began in 2008, upon Pauv's promotion to the position of maintenance supervisor.  *Id.* ¶¶ 17, 19.

[2] Because Plaintiff has voluntarily dropped "Douglas Ellman" from the Amended Complaint and from the case caption appearing in its motion papers, that entity will be terminated.

[3] The NYSHRL provides that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."  N.Y. Exec. Law § 296(6) (McKinney).

allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Second Circuit has stated that a court should allow leave to amend a pleading unless the non-moving party can establish prejudice or bad faith. *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).  Motions to amend are ultimately within the discretion of the district courts, *Foman*, 371 U.S. at 182, and they should be handled with a "strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)) (internal quotation marks omitted).  "Courts in this district have consistently granted motions for leave to amend a complaint where facts and allegations developed during discovery are closely related to the original claim and are foreshadowed in earlier pleadings." *Stonewell Corp. v. Conestoga Title Ins. Co.*, No. 04 CV 9867 (KMW) (GWG), 2010 WL 647531, at *2 (S.D.N.Y. Feb. 18, 2010). Although permissive, the standard for leave to amend "is by no means 'automatic.'" *Billhofer v. Flamel Technologies, S.A.*, No. 07 Civ. 9920, 2012 WL 3079186, at *4 (S.D.N.Y. July 30, 2012) (quoting *Klos v. Haskel*, 835 F. Supp. 710, 715 (W.D.N.Y. 1993)).

Leave to amend may be denied on the basis of futility if the proposed claim would not withstand a Rule 12(b)(6) motion to dismiss. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).[4]  The party opposing the amendment has the burden of

---

[4] When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).  However, the Court is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also id.* at 681 (citing *Twombly*, 550 U.S. at 551).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"

establishing its futility. *Blaskiewicz v. Cnty. of Suffolk*, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998) (citing *Harrison v. NBD Inc.*, 990 F. Supp. 179, 185 (E.D.N.Y. 1998)).

"Although Rule 21, and not Rule 15(a), normally governs the addition of new parties to an action, 'the same standard of liberality' applies under either Rule." *FTD Corp. v. Banker's Trust Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997) (quoting *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972)).[5]

## III.   Discussion

In opposing Plaintiff's motion, Taconic argues both that the proposed amendment would be futile—asserting a number of distinct bases for this objection—and that Plaintiff unduly delayed in seeking to amend his pleading. *See* Def.'s Mem. of Law in Opp'n at 5-9. Both of these arguments are unavailing.

### A.  Futility

Taconic proffers four potential bases for a futility determination. *See id.* at 5-8. Plaintiff's response obviates the need to consider the first of the four.[6] The Court will address each of the remaining three in turn.

---

*Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

[5] Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

[6] As its first argument, Taconic points out that neither Title VII nor the ADEA provides for individual liability. *See* Def.'s Mem. of Law in Opp'n at 5. Plaintiff concedes in his response that the Amended Complaint "seeks only to add a claim against Mr. Pauv individually as an aider and abettor in violation of Section 296(6) of the NYSHRL."

4

First, Taconic argues that the motion should be denied because the allegations contained in the Amended Complaint "are directly contradicted by Plaintiff's own sworn deposition testimony and lack any good faith basis." *Id.* at 6; *see also id.* at 4-5 (cataloguing the purported inconsistencies).  This argument fails, as the deposition testimony is not properly before the Court at this stage of the proceedings.  *See Brezel v. Deloitte & Touche, LLP*, No. 03 Civ. 1540 (RMB), 2004 WL 253284, at *2 (S.D.N.Y. Feb. 10, 2004) (permitting the plaintiff to amend the pleadings over the defendant's futility objection, as the opposition was "grounded upon a factual dispute, particularly the deposition testimony of Plaintiff and his supervisor, which is inadmissible on this motion"); *Sattan v. Eugene*, No. 92-CV-5364 (JG), 1998 WL 903600, at *4 (E.D.N.Y. Dec. 14, 1998) (rejecting a similar futility argument on the grounds that proposed factual allegations must be accepted as true for purposes of a motion to amend).[7]

Taconic also argues that Pauv "was not a decision maker with respect to Plaintiff's termination, and therefore cannot be held individually liable for that decision."  Def.'s Mem. of Law in Opp'n at 7.  This argument fails for multiple reasons.  First, to the extent it is again based on deposition testimony, the argument is not properly before the Court at this stage in the

---

Pl.'s Reply Mem. of Law in Further Supp. at 5.  This Opinion therefore assumes that claims one through four are directed solely at Taconic, and Plaintiff is encouraged—in the interest of preserving a clear record—to correct the apparent error in his pleading prior to formally filing the Amended Complaint.

[7] Of the cases Taconic cites, two are state court decisions and therefore inapposite, while the two from this Court are distinguishable.  *See* Def.'s Mem. of Law in Opp'n at 6.  In *Thomas v. Westchester County Health Care Corp.*, 232 F. Supp. 2d 273 (S.D.N.Y. 2002), the Court specifically noted that it could review the extrinsic exhibits because they were both integral to the complaint and judicially noticeable, thus excepting them from the general rule precluding consideration of such materials on a motion to dismiss.  232 F. Supp. 2d at 275-77.  Similarly, the Court in *Intercontinental Resources N.A. v. Federal Republic of Nigeria*, No. 98 Civ. 5114 (TPG), 1999 U.S. Dist. LEXIS 5322 (S.D.N.Y. Apr. 13, 1999), converted the motion to dismiss into a motion for summary judgment before considering matters outside the pleadings.  1999 U.S. Dist. LEXIS 5322, at *5.

proceedings.[8]  More fundamentally, even if Taconic is correct as a factual matter, the Second

Circuit has specifically held that section 296(6) "allow[s] a co-worker who 'actually participates

in the conduct giving rise to a discrimination claim' to be held liable under the NYSHRL even

though that co-worker lacked the authority to either hire or fire the plaintiff." *Feingold v. New

York*, 366 F.3d 138, 158 (2d Cir. 2004) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d

Cir. 1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742

(1998)).  While Taconic seems to believe that this line of authority supports *its* position, *see*

Def.'s Mem. of Law in Opp'n at 7, the Amended Complaint is replete with allegations

concerning Pauv's participation in the discriminatory conduct; indeed, Pauv appears to be the

primary actor responsible for the alleged discrimination.[9]  Plaintiff alleges that Pauv "routinely

made negative comments about Plaintiff's hair which was in dread locks down the back of his

---

[8] The Court also disagrees with Taconic's contention that "nowhere in the [Amended] Complaint is there any factual allegation regarding Mr. Pauv's involvement in the decision to terminate Plaintiff's employment." Def.'s Mem. of Law in Opp'n at 7 (emphasis in original).  The proposed pleading specifically alleges that Pauv was one of only two people, aside from Plaintiff, present at the meeting during which Plaintiff was terminated. Am. Compl. ¶ 31.  This allegation supports a reasonable inference—which must be drawn in Plaintiff's favor at this stage—that Pauv had at least some degree of involvement in Plaintiff's termination.  Whether the facts will ultimately bear this inference out is of no moment for present purposes.

Moreover, Plaintiff's claim is not limited to wrongful termination but also alleges that the discriminatory conduct gave rise to a hostile work environment while Plaintiff was still employed by Taconic. *See* Am. Compl. ¶¶ 35, 38. Pauv clearly is alleged to have participated in this unlawful conduct.

[9] "[T]he majority of courts in this Circuit have followed *Tomka's* guidance and held that an individual can be subject to liability under § 296(6) for aiding and abetting his own discriminatory conduct." *Lewis v. Triborough Bridge & Tunnel Auth.*, No. 97 Civ. 0607 (PKL), 2001 WL 46986, at *2 (S.D.N.Y. Jan. 18, 2001), *aff'd*, 31 F. App'x 746 (2d Cir. 2002); *see also Salvatore v. KLM Royal Dutch Airlines*, No. 98 Civ. 2450 (LAP), 1999 WL 796172, at *8 (S.D.N.Y. Sept. 30, 1999) (denying a motion to dismiss a section 296(6) claim against the "sole . . . employee alleged to have engaged in the discriminatory conduct").  Thus, assuming that the alleged discrimination can be imputed to Taconic as Plaintiff's employer, Pauv can be held liable for aiding and abetting regardless of whether his actions form the basis for Taconic's liability in the first instance. *See Tully-Boone v. N. Shore-Long Island Jewish Hosp. Sys.*, 588 F. Supp. 2d 419, 426-27 (E.D.N.Y. 2008) (discussing criticism of this circular theory of liability but concluding that, until the Second Circuit says otherwise, *Tomka* dictates that an individual "may be held liable for aiding and abetting allegedly unlawful discrimination by her employer even where her actions serve as the predicate for the employer's vicarious liability").

thigh," "routinely criticized [his] dress, clothing and physical appearance," "frequently assigned [him] particularly difficult tasks . . . which were not the job of a superintendent," "routinely called [him] 'lazy,'" and "routinely selectively scrutinized [his] work performance and stood and physically watched him complete his work assignments." Am. Compl. ¶¶ 20-24. According to Plaintiff, he was the only African American superintendent, and his fellow superintendents were not subjected to the same treatment. *Id.* ¶¶ 16, 25. Thus, there is more than enough in the Amended Complaint to defeat a futility charge on this basis.

Next, Taconic argues that Plaintiff's claim is time-barred to the extent that it is based on the allegation that "Pauv frequently assigned Plaintiff particularly difficult tasks, including the delivery of stoves and refrigerators, which were not the job of a superintendent." Am. Compl. ¶ 22; *see* Def.'s Mem. of Law in Opp'n at 8 (pointing to testimony from Plaintiff's deposition suggesting that any such incidents occurred in 2008 or 2009); *see also Yu v. New York State Unified Court Sys. Office of Court Admin.*, No. 11 Civ. 3226 (JMF), 2013 WL 3490780, at *3 (S.D.N.Y. July 12, 2013) (noting that NYSHRL claims are subject to a three-year limitations period). This argument is both inapposite and without merit. As discussed, Plaintiff's deposition testimony is not properly before the Court. Even if it were, however, Taconic seems to overlook the fact that Plaintiff is alleging that, by virtue of what the Amended Complaint portrays as an ongoing pattern of workplace discrimination, he was unlawfully subjected to a hostile work environment. *See* Am. Compl. ¶¶ 35, 38. The Supreme Court has expressly held that such claims are not time-barred as long as some of the conduct giving rise to the hostile work environment occurred within the limitations period. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) ("Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the

purposes of determining liability."); *see also Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 405 (S.D.N.Y. 2012) ("While *Morgan* was decided in the context of Title VII, its holding also applies to claims under the NYSHRL and NYCHRL.").[10]  Thus, the timing of the alleged delivery assignments is not dispositive as to the viability of Plaintiff's claim.[11]

### B.  Undue Delay

In support of its argument that Plaintiff unduly delayed in moving to amend, Taconic notes that Plaintiff's pre-motion letter indicated that the information prompting the need to amend was derived from Plaintiff's own deposition testimony.  *See* Def.'s Mem. of Law in Opp'n at 8; *see also* Doc. 26 (pre-motion letter).[12]  Taconic challenges the credibility of counsel's claim, noting that Plaintiff's Rule 26 initial disclosures and his notices of deposition forecasted the central role Pauv would play in the case.  *See* Def.'s Mem. of Law in Opp'n at 8-9.  But even assuming, *arguendo*, that counsel could have moved more quickly, Taconic has not alleged any prejudice that it suffered as a result of the delay.  "Mere delay . . ., absent a showing

---

[10] Indeed, the very case Taconic cites on the statute of limitations point cites *Morgan* in support of its conclusion that the plaintiff's hostile work environment claims were not barred because "she allege[d] at least one act contributing to the claim . . . within the filing period."  *Yu*, 2013 WL 3490780, at *3; *see* Def.'s Mem. of Law in Opp'n at 8.

[11] Moreover, this allegation is just one of many that describe Pauv's purported misconduct.  Thus, Taconic's futility argument is unavailing to the extent that it seeks denial of the entire motion based solely on the viability of this particular allegation.  *See* Def.'s Mem. of Law in Opp'n at 8 (concluding that, in light of Taconic's statute of limitations argument, "Plaintiff's attempt to add Mr. Pauv as a defendant is both impermissible and futile").

[12] Taconic cites *Wrenn v. New York City Health & Hospitals Corp.*, 104 F.R.D. 553 (S.D.N.Y. 1985), as a case where this Court denied leave to amend when the request was based on information uncovered during the plaintiff's deposition.  *See* Def.'s Mem. of Law in Opp'n at 9.  However, in that case, over a year and five months had elapsed between the plaintiff's retention of counsel and his request for leave to amend.  *See Wrenn*, 104 F.R.D. at 558. Here, by contrast, counsel's request for a pre-motion conference came less than four months after they appeared in the case.  In addition, the Court in *Wrenn* noted that "[t]he insufficiency of [the] excuse [was] compounded by counsel's admission that, based upon [her own] alleged previous employment . . ., discovery on her part was unnecessary."  *Id.* at 558-59.  In other words, some of the information driving the motion to amend in *Wrenn* came from "counsel's personal knowledge of [the defendant corporation's] operations and procedures."  *Id.* at 559.  No such factor is present here.

of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)) (internal quotation marks omitted); *see also Care Envtl. Corp. v. M2 Technologies Inc.*, No. CV-05-1600 (CPS), 2006 WL 2265036, at *6 (E.D.N.Y. Aug. 8, 2006) ("The party opposing the motion for leave has the burden of establishing that an amendment would be prejudicial." (citing *Sterling v. Interlake Indus. Inc.*, 154 F.R.D. 579, 589 (E.D.N.Y. 1994))).

In analyzing prejudice, courts in the Second Circuit "consider whether the assertion of the new claim would:  (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350.  Taconic has not identified—nor can the Court detect—the presence of any of these factors here.[13]  The closest Taconic comes to asserting prejudice is its observation that Plaintiff's deposition has already been completed.  Def.'s Mem. of Law in Opp'n at 9.  Any resultant prejudice would be minimal, however, given that the claims against Pauv are rooted in the exact same set of factual allegations that form the basis for the preexisting claims against Taconic.[14]

Given Plaintiff's former status as a *pro se* litigant, the relatively short span of time between counsel's appearance and the pre-motion request, and the lack of any notable prejudice

---

[13] The third is altogether inapposite given that it is Plaintiff who seeks to amend.

[14] In any event, since the case has not yet reached the dispositive motion stage and no trial date has been set, whatever minimal prejudice exists could presumably be cured via an extension of the discovery schedule.  Given the "strong preference for resolving disputes on the merits," the Court views this as the more desirable course of action under the circumstances.

to Taconic (or any argument by Taconic to that effect), the Court finds no basis for denying Plaintiff's motion.

## IV.     Conclusion

For the reasons set forth above, Plaintiff's motion to amend the Complaint is GRANTED. Plaintiff is directed to serve and file his Amended Complaint by **September 5, 2014**.

The Clerk of the Court is respectfully directed to (1) terminate Defendant Douglas Ellman; (2) amend the case caption so that Defendant Taconic Management is properly named as Taconic Eastchester Management LLC; and (3) terminate the pending motion (Doc. 30).

In accordance with the endorsed letter filed March 27, 2014, all motions other than motions *in limine* are currently due 45 days from the date of this Opinion. *See* Doc. 38. That deadline is hereby adjourned. The Court will schedule a status conference once both defendants have responded to the Amended Complaint.

It is SO ORDERED.

Dated:     August 22, 2014
           New York, New York

Edgardo Ramos, U.S.D.J.